UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRUMAN COMBS,

               Petitioner,

vs.                           Case No.  2:04-cv-312-FtM-34DNF

SECRETARY, DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE OF
FLORIDA,[1]

               Respondents.

_____

## OPINION AND ORDER[2]

## I.

Petitioner Truman Combs (hereinafter "Petitioner" or "Combs"),

who is proceeding *pro se*, initiated this action by filing a

Petition for Writ of Habeas Corpus (Doc. #1, Petition; Doc. #2,

Supporting Memorandum) pursuant to 28 U.S.C. § 2254 on June 6,

2004.[3]  Petitioner challenges his state court judgment of

_____

[1]The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfield v. Padilla, 542 U.S. 426, 434 (2004). This is "'the person' with the ability to produce the prisoner's body before the habeas court." Id. In this case, the proper Respondent is the Secretary of the Department of Corrections, and as such the Court *sua sponte* dismisses the Attorney General of the State of Florida.

[2]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

[3]The Petition (Doc. #1) was filed in this Court on June 9, 2004; however, the Petition is considered filed when delivered to prison authorities for mailing which, absent evidence to the contrary, is assumed to be the date the inmate signed the document (June 6, 2004). Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Respondent concedes that the instant Petition was timely
(continued...)

conviction for burglary of a dwelling entered in the Twentieth Judicial Circuit Court, Charlotte County, Florida. Petition at 2. In compliance with this Court's Order, Respondent filed a response to the Petition (Doc. #7, Response) on July 27, 2004. In addition, Respondent submitted numerous exhibits in support of the Response, including the post-conviction motions filed by Petitioner and the record from Petitioner's state court proceedings. See Doc. #8-13; Exhs. #1-#36. On August 26, 2004, Petitioner filed a Reply to the Response (Doc. #14, Reply). This matter is ripe for review.

## II.

Petitioner was charged, in case number 98-646CF, with burglary of a dwelling. Response at 2; Exh. 1. Prior to trial, the court held two suppression hearings. Response at 2; Exhs. 4, 10. On February 19, 1999, the court heard oral argument on Combs' first motion to suppress, which the court granted. Response at 2; Exhs. 4, 7. On May 7, 1999, the court heard oral argument on Combs' motion to suppress the witness' in-court identification, which the court denied. Response at 2; Exhs. 9, 10, 11. Petitioner then proceeded to a jury trial on June 4, 1999, and was found guilty as charged. Response at 2; Exh. 13. Following the trial, Petitioner filed a motion for judgment of acquittal and a motion for a new trial. Response at 2; Exhs. 14, 15. The court denied the motions

[3](...continued)
filed within the one year statute of limitations under 28 U.S.C. 2244(d). See Response at 7.

and sentenced Petitioner to fifteen years in prison, as a prison releasee reoffender, followed by two years of probation. Response at 2-3; Exhs. 16, 17.

Petitioner's appellate counsel filed a direct appeal to the Second District Court of Appeal raising one issue: whether the trial court erred in denying the motion to suppress the victim's in-court identification of Petitioner. Response at 3; Exh. 18. Thereafter, however, Petitioner requested permission from the appellate court to proceed *pro se* by filing a "notice of pro se representation/request for leave to submit supplemental brief of appellant" (Exh. 19) and a "renewed notice of *pro se* representation and request for leave to submit supplemental brief" (Exh. 20). While these requests were pending, the State filed an Answer Brief on or about January 28, 2000. Response at 3; Exh. 21. On April 3, 2000, the Second District Court of Appeal granted Petitioner's renewed motion, thereby discharging Petitioner's counsel, and allowed Petitioner thirty days to file an amended initial brief and the State twenty days to file an amended answer brief. Response at 3; Exh. 22.

On May 2, 2000, Petitioner filed his *pro se* initial brief to the appellate court raising five claims: (1) whether the "trial court erred in giving stealthy entry instruction"; (2) whether the "trial court erred in denying motion for judgement [sic] of acquittal"; (3) whether the "trial court erred in quashing subpoena

for deposition for Ashley Rowe"; (4) whether trial counsel provided "ineffective assistance of counsel"; (5) whether the "prison releasee reoffender act sentence is unconstitutional". Exh. 23; Response at 3-4. Within the fourth claim, Petitioner raised the following examples of counsel's ineffectiveness: defense counsel's failure to object to the in-court identification of Petitioner by the victim; defense counsel's failure to object to certain questions or comments made by the prosecutor; and defense counsel's decision to reserve his opening statement. Exh. 23 at 30-33. The State filed its amended brief addressing the Petitioner's *pro se* brief, <u>see</u> Response at 4; Exh. 24, and Petitioner filed his *pro se* Reply, <u>see</u> Exh. 25. On October 20, 2000, the Second District Court of Appeal issued an opinion (Exh. 26) <u>per</u> <u>curiam</u> affirming the trial court and its mandate issued on November 29, 2000. Response at 4; Exh. 27.

On June 18, 2001, Petitioner filed a motion pursuant to Rule 3.850, Florida Rules of Criminal Procedure, (Rule 3.850 Motion)in the trial court. Exh. 28. The trial court reviewed Petitioner's 150 page motion and directed the State to file a response addressing 36 issues, including <u>inter</u> <u>alia</u> Petitioner's claims of ineffective assistance of counsel, trial court error, and prosecutorial misconduct. Exh. 29. The State filed a Response on December 14, 2001, and Petitioner filed a Reply. Exhs. 30, 31. Ultimately, the trial court denied in part and dismissed in part

Petitioner's Rule 3.850 motion.  Exh. 32.  Petitioner then filed

the instant Petition, raising the following seven issues as grounds

for relief:

**(I)   Whether defense counsel was ineffective at the suppression hearing by failing to object to the alleged victim's presence in the courtroom;**

**(II)   Whether defense counsel was ineffective at the suppression hearing by failing to take remedial steps to impeach or correct Michael Rowe's testimony;**

**(III)   Whether defense counsel was ineffective for failing to file a pre-trial motion under Florida Rule of Criminal Procedure 3.190(c)(4) where the undisputed facts failed to establish a prima facie case of guilt of the charged offense;**

**(IV)   Whether defense counsel was ineffective at trial, where counsel, without the Defendant's knowledge or consent, during closing argument to the jury, conceded the Defendant's guilt by admitting that Defendant (a) entered the dwelling, (b) without consent; and (c) with intent to commit an offense;**

**(V)  Whether the state committed prosecutorial misconduct during closing argument by vouching for and/or bolstering the victim's credibility;**

**(VI)  Whether defense counsel was ineffective at trial by failure to request attempted burglary as a lesser included offense under Florida Statute § 777.04;**

**(VII)   Whether the state committed prosecutorial misconduct during closing arguments by telling the jurors that they "'should disregard the majority of [Tammy Tucker's] testimony as unreliable.'"**

See generally Petition.

**III.**

In a federal habeas proceeding, a petitioner is restricted in his ability to use an evidentiary hearing to develop facts to support his claim.  See Holland v. Jackson, 542 U.S. 649, 652-53 (2004).  An evidentiary hearing is only allowed if a petitioner was not at fault for failing to develop the factual basis for his claims in state court.  Id.  Alternatively, if he was at fault, the conditions prescribed by § 2254(e)(2) must be satisfied to warrant such a hearing.  Bradshaw v. Richey, 546 U.S. 74, 79 (2005); Holland, 542 U.S. at 652-53.  Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in [s]tate court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that -
>
> > (A)  the claim relies on -
> >
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B)  the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Even if an evidentiary hearing is not precluded by § 2254(e)(2), such a hearing is not required unless a petitioner demonstrates that he would be entitled to habeas relief on his claims if his factual allegations are proven. Breedlove v. Moore, 279 F.3d 952, 960 (11th Cir. 2002). Additionally, a petitioner is not entitled to an evidentiary hearing on the threshold issues of cause and prejudice, or fundamental miscarriage of justice, unless he proffers "specific facts which support a finding that one of these exceptions to the procedural default rule exists." Hill v. Jones, 81 F.3d 1015, 1023 (11th Cir. 1996). Although Petitioner requests an evidentiary hearing for purposes of establishing cause and prejudice, Petitioner has not proffered specific facts to support a finding of an exception to the procedural default rule. The Court has carefully reviewed the record herein and concludes that Petitioner is not entitled to an evidentiary hearing.

Because Petitioner filed his Petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y for Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002). AEDPA establishes a highly deferential standard of review for state court judgments. Parker v. Sec'y for Dept. of Corrections, 331 F.3d 764, 768 (11th Cir. 2003). Specifically, AEDPA altered the federal court's role in reviewing state prisoner applications in order to

"prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Several aspects of § 2254, as amended by AEDPA, are relevant to reviewing this Petition.

A federal court may entertain an application for a writ of habeas corpus from a person in state custody pursuant to a state court judgment only on the ground that the petitioner is in custody in violation of the United States Constitution or the laws or treaties of the United States. 28 U.S.C. § 2254(a). A violation of state law is insufficient to warrant review or relief by a federal court under § 2254. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

If the grounds asserted warrant review by a federal court under § 2254, a petitioner must have afforded the state courts an opportunity to address the federal issues. 28 U.S.C. 2254(b)(1)(A); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998), cert. denied, 525 U.S. 963 (1998). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See also Henderson, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)); Snowden, 135 F.3d at 735 ("Exhaustion of state

remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the [s]tate the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." Smith, 256 F.3d at 1138. "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." Henderson, 353 F.3d at 891 (quoting Judd, 250 F.3d at 1313).

A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. Id. at 892. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. Id. "Cause" ordinarily requires "a petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." Id.; see also Marek

v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995), cert. denied, 519 U.S. 838 (1996).  To show "prejudice," "a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different."  Henderson, 353 F.3d at 892.  Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice.  See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Henderson, 353 F.3d at 892.  This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent."  Henderson, 353 F.3d at 892; House v. Bell, 547 U.S. 518, 522 (2006).

Even where a petitioner's claim is federal in nature and has been properly exhausted, additional § 2254 restrictions apply. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003).  The term "clearly established [Federal] law" as used in § 2254(d) means  the

governing legal principle, not the *dicta*, set forth by the United States Supreme Court at the time the state court issues its decision. Yarborough v. Alvarado, 541 U.S. 652, 660-61 (2004); Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Where no Supreme Court precedent exists, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003); Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown, 544 U.S. at 141; Stephens v. Hall, 407 F.3d 1195, 1202 (11th Cir. 2005). A state court decision does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Secretary, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but applies

it to the facts of the particular inmate's case in an objectively unreasonable manner; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. Brown, 544 U.S. at 1439; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000).  The unreasonable application inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable.  Mitchell, 540 U.S. at 17-18; Andrade, 538 U.S. at 75; Vincent, 538 U.S. at 641; Woodford v. Visciotti 537 U.S. 19, 24-25 (2002); Williams v. Taylor, 529 U.S. 362, 409-10 (2000).  Moreover, depending upon the legal principle at issue, it is possible that there can be a range of reasonable applications.  Alvarado, 541 U.S. at 664.  Nevertheless, a federal court's review is not *de novo*, and relief requires a showing that the state court decision is objectively unreasonable.  Id. at 665.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented...."  28 U.S.C. § 2254(d)(2).  Factual findings by a state court are presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Henderson, 353 F.3d at 890-91.  The statutory presumption of correctness applies only to

findings of fact made by the state court, not to mixed determinations of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001). Ineffective assistance of counsel claims present mixed questions of law and fact. See Rolling v. Crosby, 438 F.3d 1296, 1299 (11th Cir. 2006), cert. denied sub nom. Rolling v. McDonough, 126 S. Ct. 2943 (2006). As such, the Court reviews such claims de novo.

Here, Petitioner raises five ineffective assistance of counsel claims. See Petition. "The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam). In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that counsel rendered ineffective assistance.[4] A petitioner must show: (1) that counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" based upon "prevailing professional norms"; and (2) that the deficient performance prejudiced the defendant, i.e., that there was a reasonable probability that, but for counsel's unprofessional errors, the

---

[4]The two part standard enunciated in Strickland remains applicable post AEDPA. See Wellons v. Hall, 554 F.3d 923, 932 (11th Cir. 2009).

result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 687-88, 694. "The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one." <u>Jones v. Campbell</u>, 436 F.3d 1285, 1293 (11th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 619 (2006). A court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000)(quoting <u>Strickland</u>, 466 U.S. at 690). "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005) (citations omitted).

This judicial scrutiny is "highly deferential." <u>Roe</u>, 528 U.S. at 477. A court must adhere to a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689. Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. <u>Ladd v. Jones</u>, 864 F.2d 108, 109-10 (11th Cir. 1989); <u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992).

The Eleventh Circuit has described the essence of an ineffectiveness claim as follows:

> [A] petitioner must show that his lawyer's performance fell below an "objective standard

of reasonableness" and that the lawyer's deficient performance prejudiced the petitioner. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.' <u>Waters v. Thomas</u>, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting <u>Rogers v. Zant</u>, 13 F.3d 384, 386 (11th Cir. 1994)).

For assessing a lawyer's performance, <u>Chandler v. United States</u>, 218 F.3d 1305 (11th Cir. 2000) (en banc) <u>cert. denied</u>, 531 U.S. 1204, 121 S.Ct. 1217, 149 L.Ed.2d 129 (2001), sets out the basic law: 'Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment.' <u>Id.</u> at 1314 (internal marks omitted). . . Our role in reviewing an ineffective assistance claim is not to "grade" a lawyer's performance; instead, we determine only whether a lawyer's performance was within "the wide range of professionally competent assistance." <u>See Strickland</u>, 104 S.Ct. at 2066.

The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take. <u>See</u> <u>Chandler</u>, 218 F.3d at 1315. . . .

A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test." <u>Strickland</u>, 104 S.Ct. at 2067. Instead, a petitioner must establish that a reasonable probability exists that the outcome of the case would have been

> different if his lawyer had given adequate
> assistance.  See Id. at 2068.[5]

Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322-23 (footnotes

omitted).  In sum, "[w]ithout proof of both deficient performance

and prejudice to the defense, . . . it [can] not be said that the

sentence or conviction 'resulted from a breakdown in the adversary

process that rendered the result of the proceeding unreliable,' and

the sentence or conviction should stand."  Bell, 535 U.S. 685, 695

(internal citation omitted) (quoting Strickland, 466 U.S. at 687).

## IV.

### A.  Ineffective Assistance of Counsel Claims

Petitioner first argues that counsel was ineffective at the

suppression hearing for failing to object to the alleged victim's

presence in the courtroom.  Petition at 5; Supplemental Petition at

3.  Respondent notes that Petitioner raised this claim in his Rule

3.850 Motion.  Response at 8.  Respondent refers the Court to the

state court's opinion denying Petitioner's Rule 3.850 Motion, which

acknowledges, that under Florida law, a victim cannot be excluded

from a criminal proceeding unless the victim's presence would be

prejudicial.  Response at 9.  Further, Respondent argues that

Petitioner has shown no basis for an objection to the victim's

---

[5] However, "when a defendant raises the unusual claim that trial counsel,
while efficacious in raising an issue, nonetheless failed to preserve it for
appeal, the appropriate prejudice inquiry asks whether there is a reasonable
likelihood of a more favorable outcome on appeal had the claim been preserved."
Davis v. Sec'y for Dept. of Corr., 341 F.3d 1310, 1316 (11th Cir. 2003) (per
curiam) (citation omitted).

presence in the courtroom. Thus, Respondent argues that defense counsel was not ineffective. Id. In his Reply, Petitioner asserts that defense counsel was aware that the prosecutor had the victim "show-up at the suppression hearing knowing the [P]etitioner would be the only defendant their [sic] therefore the victim could get a better view of the Petitioner prior to making an in court identification." Reply at 5.

The state court addressed this claim on the merits. See Exh. 32 at 2. Preliminarily, the court noted that Florida Statutes section 90.616 provides that a victim cannot be excluded from a criminal proceeding unless the court determines that the victim's presence would be prejudicial. Id. The state court found that Petitioner presented no facts supporting his argument that the victim's presence during the suppression hearing was prejudicial, as required to permit the victim's exclusion pursuant to section 90.616. Id. Thus, the court reasoned "[b]ecause counsel cannot be deemed ineffective for failing to raise a groundless objection, the court finds that counsel's performance was not deficient within the meaning of Strickland." Id.

Next, Petitioner argues that defense counsel was ineffective during the suppression hearing because counsel failed to impeach or correct the victim's testimony. Petition at 6. In the Response, Respondent notes that the Petition contains no facts supporting this claim. See Response at 9. Consequently, Respondent directs

the Court to Petitioner's identical claim raised in his Rule 3.850 Motion. Id. There, Petitioner argued that the victim's testimony was inconsistent with the testimony of a witness, Patrick Aquilina. Exh. 32 at 2-3. Specifically, Petitioner concluded that Mr. Aquilina testified that a sheriff's deputy, who drove the victim to the show-up identification, told the victim that the perpetrators had burglarized one of the victim's neighbor's homes. Id. at 3. Petitioner argued that his defense counsel should have impeached the victim based on this witness' deposition testimony. Id. In his Reply, Petitioner refers the Court to the trial transcript, reiterating that the witness' testimony contradicted the victim's testimony. Reply at 9.

Again, the state court addressed this claim on the merits. Exh. 32 at 3. The state court reviewed the record, specifically the deposition testimony, and noted that the witness' testimony reflected that "he believed [the victim] learned the suspects' names, not their prior records, on the way to the show-up identification." Id. Based on the court's review of the record, it found that "the record conclusively refutes . . . [Petitioner's] allegation that . . . [the victim] made a prior inconsistent statement to . . .[the witness]." Id. Also, the state court noted that pursuant to Florida law, "'predicate questions to impeachment must be asked in good faith, that is, with the intent and ability to later prove (if it is not admitted) that the witness gave some

statement inconsistent with his or her present testimony.'" _Id._ at 4. The court found nothing in the record that counsel could have relied upon to impeach the victim at the suppression hearing. _Id._ As such, applying _Strickland_, the state court found counsel's performance was not deficient and determined Petitioner's claim in this regard was without merit. _Id._

Next, Petitioner argues that defense counsel was ineffective for not filing a pre-trial motion under Rule 3.190(c)(4), Florida Rules of Criminal Procedure, because the undisputed facts failed to establish a _prima facie_ case of guilt as to of the charged offense. Petition at 8. Respondent argues that a review of the trial transcript establishes that Petitioner's intent, at the time that he entered the victim's screened lanai, was a disputed issue of fact. Response at 10. As such, had defense counsel filed a motion to dismiss, the state court would have denied the motion. Accordingly, Respondent argues that counsel was not ineffective for failing to file such a meritless motion. _Id._ In Reply, Petitioner urges that "the most that could be inferred from the evidence introduced [at trial] was that someone made an attempt to commit a burglary." Reply at 13. Further, Petitioner contends that the trial court dismissed this claim, which was raised in his Rule 3.850 Motion, without an opinion and as such the federal court "should be given to conduct an independent review of the record." _Id._ at 14.

For a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination is entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. <u>Wright v. Sec'y for the Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 906 (2003). <u>See</u> <u>Peoples v. Campbell</u>, 377 F.3d 1208, 1227 (11th Cir. 2004), <u>cert</u>. <u>denied</u>, 545 U.S. 1142 (2005).

Upon review of the record, the state court addressed this claim on the merits. As such, Petitioner's latter contention is without merit. Indeed, the court specifically concluded that it would have been precluded from granting a pre-trial motion to dismiss because there were disputed issues of material fact. Exh. 32 at 9. As defense counsel could not be deemed ineffective for failure to file a groundless pre-trial motion, the state court, applying <u>Strickland</u>, found counsel's performance was not deficient. <u>Id.</u>

Petitioner also argues that counsel was ineffective because he conceded Petitioner's guilt during closing argument, without Petitioner's knowledge or consent. Petition at 9. In Response, Respondent argues that a review of defense counsel's closing argument in the trial transcript shows that counsel did not concede Petitioner's guilt. Response at 11. In Reply, Petitioner quotes

portions of his counsel's closing argument. Reply at 15-16.

Petitioner argues that his attorney's statements "denied . . .

[him] his constitutional right to have his guilt or innocence

decided by the jury." <u>Id.</u> at 18.

The state court addressed this claim on the merits, finding

"that counsel adamantly and consistently argued throughout closing

arguments that . . . [Petitioner] should be found not guilty of

burglary because the State failed to prove the 'intent' element of

the charge. [<u>See</u>] trial transcript, pages 305-316, 326-342." Exh.

32 at 14. In light of this conclusion, the state court denied

Petitioner's claim finding "it is conclusively refuted in the

record." <u>Id.</u>

Last, Petitioner argues that trial counsel was ineffective for

failing to request a jury instruction on attempted burglary as a

lesser included offense. Petition at 8. Respondent, on the other

hand, argues that such an instruction would have been improper.

Response at 12. As such, Respondent argues counsel did not provide

ineffective assistance. <u>Id.</u>

The state court reviewed Petitioner's claim with regard to the

jury instruction on the merits and made the following finding:

> [A]ttempted burglary is a category two lesser included
> offense of burglary of a structure or burglary, not a
> necessarily lesser included offense. [<u>See</u>] <u>Standard Jury</u>
> <u>Instructions in Criminal Cases</u>, 723 S.2d 123 (Fla. 1998).
> 'An instruction on a category two lesser included offense
> is permissible *only if the language of the charging*
> *document* and the evidence in the case support the
> charge.' Furthermore, according to <u>State v. Waters</u>, Fla.

> Stat 810.07, also known as the "stealth statute," does not apply to attempt prosecutions. 436 So.2d 66 (Fla. 1983). The Information filed in this cause does not state that Defendant was charged with attempted burglary or otherwise refer to the attempt statute (Fla. Stat. 777.04). Also, because the Information specifically cited 810.07, the "stealth statute," it was implicit that Defendant was not being charged with an attempt crime. [See] Information. Pursuant to <u>Howard</u>, instructing the jury on attempted burglary of a dwelling as a lesser included offense would have been impermissible because it was not charged on the Information. 27 Fla. L. Weekly D2423.

Exh. 32 at 11. Based on the above analysis, the state court concluded that it could not say that defense counsel was ineffective "for failing to request an impermissible and inapplicable jury instruction." <u>Id.</u> Additionally, the court determined that it could not deem defense counsel ineffective for failing to request a jury instruction on a charge not included in the Information. <u>Id.</u> Applying <u>Strickland</u>, the state court denied Petitioner's claim that counsel's performance was deficient. <u>Id.</u>

As discussed above, the Court's review of counsel's performance is highly deferential, and a petitioner must first prove that counsel's performance was deficient; and, second, establish that the deficient performance prejudiced his defense. <u>Strickland</u>, 466 U.S. at 686-687. There is no reason, however, for the Court to address both prongs of the test if the petitioner makes an insufficient showing on one of the elements. <u>Id.</u> at 697; <u>Holladay v. Haley</u>, 209 F.3d 1243, 1248 (11th Cir. 2000)(noting that because both parts of the test must be satisfied to show a Sixth

Amendment violation, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice-versa), distinguished on other grounds, <u>Hardwick v. Crosby</u>, 320 F.3d 1127 (11th Cir. 2003).

Here, upon a thorough review of the record and the applicable law, the Court finds that the state court's adjudications of Petitioner's ineffective assistance claims were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. This Court similarly finds Petitioner's claims to be without merit. <u>See</u> <u>Ladd</u>, 864 F.2d at 110 (reasoning that if a petitioner's grounds for a claim of ineffective assistance of counsel are meritless, then it is not ineffective for counsel to not pursue them). Accordingly, Petitioner is not entitled to relief based on his ineffective assistance of counsel claims.

**B. Prosecutorial Misconduct Claims**

With regard to Petitioner's prosecutorial misconduct claims, Petitioner first asserts that the prosecutor acted inappropriately during closing argument by vouching for the victim's credibility.[6]

---

[6]In his Reply, however, Petitioner couches this argument in terms of the defense counsel's ineffectiveness for failure to object to the prosecutor's comments during closing argument regarding the victim's credibility. Reply at 18-20. Respondent did not address this argument because it was not raised in the Petition or the Supplemental Petition. Section 2254 cases, Rule 5(b).
(continued...)

Petition at 10. Respondent suggests that this claim is procedurally barred because Petitioner failed to raise it on direct appeal. Response at 11. Specifically, it contends that Petitioner first alleged that the prosecutor inappropriately vouched for the victim's credibility in his Rule 3.850 Motion. <u>Id.</u> Upon review of the record, it appears that the state court addressed this claim at that time and determined that it was procedurally barred because Petitioner should have and could have raised the issue on direct appeal. Exh. 22 at 14. The state court, citing a Florida Supreme Court decision, <u>Spencer v. State</u>, 842 So.2d 52 (Fla. 2003), explained that its judgment rested on a determination that state law procedurally barred this claim, and as such, it did not reach the merits of the claim. <u>Spencer</u>, 842 So.2d at 60. The state court's decision was based on state law grounds and not intertwined with an interpretation of federal law. Indeed, the court's decision rested on adequate and independent state grounds that were

---

[6](...continued)
Petitioner raised this claim in his Rule 3.850 Motion, which the state court denied. Exh. 32 at 15. The state court reviewed the trial transcript and found defense counsel was not ineffective because the prosecutor's statement did not amount to prosecutorial misconduct. <u>Id.</u> The court reasoned that based on the context of the prosecutor's statement, "it [was] clear that [the prosecutor] was merely stating a contention regarding the victim's credibility that the jury could reasonably draw from the evidence. In fact, by immediately pointing out that the instructions would be forthcoming, the prosecutor made clear that it was within the province of the jury to determine witness credibility." <u>Id.</u> Upon a thorough review of the record and the applicable law, the Court finds that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. This Court similarly finds Petitioner's contention to be without merit. Thus, Petitioner is not entitled to relief on the basis of his ineffective assistance of counsel claim.

independent of a federal question. <u>Harris v. Reed</u>, 489 U.S. 255, 262-263 (1989). Absent a showing of cause for failure to properly present the claim and actual prejudice, or that the failure to consider the claim would result in the miscarriage of justice, this Court will not address the merits of Petitioner's claim. Petitioner has not alleged any specific facts to show cause for his failure to raise this claim in his direct appeal or prejudice, nor has he suggested a basis for finding a need to correct a fundamental miscarriage of justice. Accordingly, the Court finds this claim of prosecutorial misconduct is procedurally barred.

Petitioner also raises a claim of prosecutorial misconduct stemming from the prosecutor's statements during closing argument regarding the unreliability of a witness for the defense, Tammy Tucker.[7] Petition at 10. Respondent argues that this claim is now procedurally barred because the state court denied the claim as procedurally barred considering Petitioner did not raise the matter in his direct appeal. Response at 12. Contrary to Respondent's assertion, the state court did address the merits of this claim, which was raised in Petitioner's Rule 3.850 Motion, and did not find the claim to be procedurally barred. Exh. 32 at 22-23. The court reviewed the trial transcript and found none of the

---

[7]In Petitioner's Rule 3.850 Motion to the trial court, Petitioner also raised an ineffective assistance of counsel claim related to the defense counsel's failure to object to the prosecutor's statements. Exh. 32 at 22. Here, however, Petitioner does not frame this issue as one of ineffective assistance of counsel. <u>See</u> Petition at 10; Supplemental Petition at 4-5; Reply at 23.

prosecutor's comments deprived Petitioner of a fair trial.  <u>Id.</u> at

23.  In particular, the prosecutor stated:

> You [the jury] have to assess the credibility of each
> witness.  Do you find Miss Tucker to be a credible
> witness?  Do you find Mr. Aquilina to be a credible
> witness?  And the Judge gives you [the jury] instructions
> and some guidance on that.  Its very important you listen
> to the Judge's instructions because you have the
> obligation, as a juror, to rely on your own conclusions
> about the witnesses.  . . . I submit to you that you
> should disregard the majority of Miss Tucker's testimony
> as being unreliable.

Exh. 12 Vol. I at 324.  Citing to the Florida Supreme Court

decision in <u>Craig v. State</u>, 510 So.2d 857, 865 (Fla. 1987), the

state court reasoned that viewing the prosecutor's statements in

the context of closing argument, "it is clear that the prosecutor's

statement was properly made with reference to Ms. Tucker's

testimony."  Exh. 12 Vol. 1 at 23.  Thus, since the prosecutor's

reference was to the testimony, the trial court found no error.

<u>Id.</u>  Upon review of the record and the applicable law, the Court

finds that the state court's adjudication of this claim was not

contrary to clearly established federal law, did not involve an

unreasonable application of clearly established federal law, and

was not based on an unreasonable determination of the facts in

light of the evidence presented in the state court proceedings.

Thus, the prosecutor's comments did not render the trial

fundamentally unfair.

## V.

In consideration of the foregoing, the Court determines that Petitioner has failed to establish that he is entitled to federal habeas relief.

ACCORDINGLY, it is hereby

**ORDERED**:

1.     The Court *sua sponte* dismisses the Florida Attorney General as a named Respondent.

2.     The Court finds Ground 5 procedurally barred and as such dismisses such claim without addressing the merits.  In all other respects, the Petition for Writ of Habeas Corpus (Doc. #1)  is **DENIED with prejudice**.

3.     The Clerk of Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** in Chambers, on this 30th day of March, 2009.

**MARCIA MORALES HOWARD**
United States District Judge

SA: alj

Copies: All Parties of Record